

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZILPHIA HOWZE, individually and on
behalf of all others similarly situated,

        Plaintiff,                      22-CV-351 (JLS)

        v.

MONDELĒZ GLOBAL LLC

        Defendant.

---

## DECISION AND ORDER

Defendant Mondelēz Global LLC makes and sells "Lorna Doone" shortbread cookies. Plaintiff Zilphia Howze claims that Defendant's business practices with respect to the sale of its Lorna Doone shortbread cookies are misleading. She commenced this action alleging deceptive acts or practices and false advertising in violation of New York General Business Law Sections 349 and 350 and—on behalf of a Consumer Fraud Multi-State Class—the consumer fraud statues of Louisiana, Maine, New Mexico, Rhode Island, and Texas. She also sets forth claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment. Defendant moved to dismiss. For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff alleges that she purchased Lorna Doone shortbread cookies "on one or more occasions" at "stores including CVS." Dkt. 1, ¶ 76. She further alleges that she "believed and expected" that the shortbread cookies "contained ingredients

expected of shortbread, like some amount of butter, instead of not having any butter." *Id.* ¶ 77. She claims that she "would not have paid as much" for the product had she been aware that the "representations and omissions" by Defendant regarding the product were "false and misleading." *Id.* ¶¶ 82, 84. The Complaint includes pictures of the product's packaging, which reveals that nowhere does the packaging indicate that product contains butter. *See id.* ¶¶ 1, 27. Rather, the ingredient list indicates that the fats are "canola oil" and "palm oil." *Id.* ¶ 27.

Defendant moved to dismiss, arguing that the consumer protection claims fail because Plaintiff does not allege that reasonable consumers are likely to be deceived by the product's packaging. According to Defendant, no reasonable consumer would construe the term "shortbread" as a representation about the product's ingredients. *See* Dkt. 11-1, at 8.[1] Instead, "a reasonable consumer would construe 'shortbread' as a representation about the cookies' characteristic taste and texture." *Id.* Defendant also argues that each of Plaintiff's remaining claims contain particular legal defects that warrant dismissal. *Id.* at 9. Lastly, Defendant asserts that Plaintiff lacks standing to seek injunctive relief. *Id.* at 28-30.

## STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the Court "must take the facts alleged in the

---

[1] Unless otherwise noted, page references refer to numbering generated by CM/ECF in the header of each page.

complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (quoting *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)).

DISCUSSION

I.     PLAINTIFF'S CONSUMER PROTECTION CLAIMS

A.     Legal Standard

N.Y. Gen. Bus. L. Section 349 prohibits "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service."  A "deceptive act[ ]" or practice is one that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).  N.Y. Gen. Bus. L. Section 350 prohibits "[f]alse advertising in

the conduct of any business, trade or commerce or in the furnishing of any service." The term "false advertising" means "advertising, including labeling . . . if such advertising is misleading in a material respect." N.Y. Gen. Bus. L. § 350-a(1). Both provisions permit "any person who has been injured by reason of any violation" thereof to bring an action to enjoin such unlawful act or practice, an action to recover damages, or both. N.Y. Gen. Bus. L. §§ 349(h), 350-e(3).

To state a claim under N.Y. Gen. Bus. L. Section 349 or 350, a plaintiff must allege that: (1) the defendant engaged in consumer-oriented conduct; (2) the conduct was misleading in a material way; and (3) plaintiff was injured as a result of the allegedly deceptive act or practice. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). The standards under Sections 349 and 350 are "substantively identical." *C.V. Starr & Co. v. Am. Int'l Grp., Inc.*, No. 06CIV2157HB, 2006 WL 2627565 at *3n.9 (S.D.N.Y. Sept. 14, 2006) (internal citation omitted). The test, at the second element, is an objective one: the challenged conduct "must be materially deceptive or misleading to a reasonable consumer acting reasonably under the circumstances." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 674 (E.D.N.Y. 2017) (internal citation omitted). The Court may resolve this question on a motion to dismiss. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citing *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741, 745 (1995)) ("It is well settled that a court

- 4 -

may determine as a matter of law that an allegedly deceptive advertisement would
not have misled a reasonable consumer").[2]

The primary evidence "in a consumer-fraud case arising out of allegedly false
advertising is, of course, the advertising itself." *Fink*, 714 F.3d, at 742. And in
"determining whether a reasonable consumer would have been misled by a
particular advertisement, context is crucial." *Id.* In short, the Court must consider
the challenged advertisement "as a whole." *Mantikas v. Kellogg Company*, 910 F.3d
633, 636 (2d Cir. 2018).

### B.   Plaintiff Fails to Allege that Lorna Doone Packaging is Misleading

Plaintiff's consumer protection claims must be dismissed because she has not
plausibly alleged that a reasonable consumer would be misled by the Lorna Doone
packaging as to whether the cookies contain butter.

Defendant does not expressly or implicitly represent that Lorna Doone
cookies contain butter. The product's packaging does not state on the front label,
ingredient list, or anywhere else that butter is an ingredient in the cookies.
Further, nothing in the word "shortbread" itself would lead a reasonable consumer

---

[2] Like N.Y. Gen. Bus. L. Sections 349 and 350, the consumer protection statutes
under the laws of Louisiana, Maine, New Mexico, Rhode Island, and Texas statues
also employ a "reasonable consumer" standard. *See McGahey v. Fed. Nat'l Mortg.
Ass'n*, 266 F. Supp. 3d 421, 435 (D. Me. 2017) (Maine); *Guidance Endodontics, LLC
v. Dentsply Int'l, Inc.*, 749 F. Supp. 2d 1235, 1258 (New Mexico); *Munsell v. Colgate-
Palmolive Co.*, 463 F. Supp. 3d 43, 52 (D. Mass. 2020) (Rhode Island); *Olson v.
Major League Baseball*, 29 F.4th 59, 84–85 (2d Cir. 2022) (Texas); *Florence v.
Clinique Labs., Inc.*, 347 So. 2d 1232, 1236 (La. Ct. App. 1977) (Louisiana).

to believe that the cookie must contain butter. Indeed, Merriam Webster Dictionary defines "shortbread" as "a thick cookie made of flour, sugar, and a large amount of *shortening.*" *Shortbread,* MERRIAM WEBSTER DICTIONARY, <https://www.merriam-webster.com/dictionary/shortbread> (last accessed Jan. 3, 2023) (emphasis added).[3]

Courts routinely dismiss consumer protection claims in similar circumstances. *See, e.g., Troutt v. Mondelez Glob. LLC,* No. 21-CV-01279-SPM, 2022 WL 16552956, at *5 (S.D. Ill. Oct. 31, 2022) (dismissing various claims against Mondelēz Global LLC arising out of the allegedly misleading nature of Lorna Doone packaging, reasoning that "it is a stretch for reasonable consumers to assume that a product contains butter merely because it is identified as 'shortbread' . . . ."); *Stiles v. Trader Joe's Co.,* No. CV1604318TJHKSX, 2017 WL 3084267, at *4 (C.D. Cal. Apr. 4, 2017) (dismissing claims that defendant misled consumers by including the word "maple" in the name of names of two products ("Frosted Maple and Brown Sugar Shredded Bite Size Wheats" and "Oatmeal Complete Maple and Brown Sugar") where "neither of the Products' names advertises 'maple syrup' or 'maple sugar'"); *Turnipseed v. Simply Orange Juice Co.,* No. 20-CV-8677, 2022 WL 657413, at *3 (S.D.N.Y. Mar. 4, 2022) (rejecting challenge to use of the word "vanilla" on almond milk label "because there is nothing in the word 'vanilla' itself that would lead a reasonable consumer to understand a product's flavor to be derived mostly or

---

[3] A "short" pastry is created when a higher fat-to-flour ratio is used, allowing the fat to immerse with the flour and prevent a "long" gluten structure—which results in a crunchier pastry or crust. *See, e.g., Fats and Oils: Shortening,* LOVE FOOD LOVE SCIENCE, <https://www.ifst.org/lovefoodlovescience/resources/fats-and-oils-shortening> (last accessed Jan. 3, 2023).

exclusively from the vanilla bean"); *Wallace v. Wise Foods, Inc.,* No. 20-6831, 2021 WL 3163599, at *2 (S.D.N.Y. July 26, 2021) (rejecting challenge to representation of potato chips as "Cheddar & Sour Cream Flavored," reasoning that "[n]othing in the label states or implies that the chips' flavor is derived entirely from cheddar and sour cream" or that "the chips are flavored only with natural ingredients").

Even if Plaintiff were correct that shortbread is *commonly* made with butter, her claim would fail because she has not plausibly alleged that the average consumer believes that shortbread cookies *necessarily* contain butter. *See Reinitz v. Kellogg Sales* Co., No. 21-CV-1239-JES-JEH, 2022 WL 1813891, at *3 (C.D. Ill. June 2, 2022) (dismissing consumer protection claim where, although the plaintiff identified "evidence to support that credible third parties opine that 'milkfat is the central component of fudge," the plaintiff "fail[ed] to support that the average consumer would believe a fudge product must, of necessity, contain milkfat") (internal citations omitted). The same holds true even if an *expert* were to deem butter essential to shortbread. *See Lederman v. Hershey Co.,* No. 21-4528, 2022 WL 3573034, at *4 (N.D. Ill. Aug. 19, 2022) ("[E]ven if the reasonable confectionery expert deems milkfat essential to fudge, Plaintiff has not shown that the reasonable 21st century consumer has the same expectations").

The statement "shortbread" on the Lorna Doone label allows consumers to understand the flavor and texture of the cookies and differentiate among products. Absent any additional representations about how the flavor and texture are achieved, the use of the term "shortbread" is not misleading. *See Cosgrove v. Blue*

*Diamond Growers*, No. 19-8993, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020)

(dismissing claim alleging that Vanilla Almond Milk was misleading because "a

reasonable consumer would associate the representation of 'Vanilla'—with no

additional language modifiers—to refer to a flavor and not to vanilla beans or

vanilla extract as an ingredient").

In short, while avid bakers and pastry chefs might insist on butter in

shortbread—for reasons of tradition or quality or taste—it is unreasonable to

conclude that reasonable consumers would expect butter in a mass-produced

shortbread cookie—where the label and packaging are clear that there is no butter.

For these reasons, Plaintiff's consumer protection claims are dismissed.

## II.   PLAINTIFF'S REMAINING CLAIMS

In addition to her consumer protection claims, Plaintiff asserts claims for

breach of warranty, negligent misrepresentation, fraud, and unjust enrichment.

Dkt. 1, ¶¶ 105-132.  Each of these claims is premised on the allegedly false or

misleading nature of the Lorna Doone packaging.  *See id.*  Because the Court has

determined that the Lorna Doone packaging is not materially misleading to

consumers, these additional causes of actions are dismissed for the reasons

discussed above.  *See Wallace*, No. 20-6831, 2021 WL 3163599, at *3 (dismissing

state claims for breach of warranty, negligent misrepresentation, fraud, and unjust

enrichment for the same reasons the court dismissed corresponding claims under

N.Y. Gen. Bus. L. Sections 349 and 350); *Barreto v. Westbrae Nat., Inc.*, 518 F.

Supp. 3d 795, 806 (S.D.N.Y. 2021) (same). Further, each of these claims fails for additional reasons that are discussed below.

### A. Express Warranty and Implied Warranty of Merchantability

Plaintiff's claims for breaches of express and implied warranties rely on identical allegations: Defendant manufactured and labeled Lorna Doone cookies in a manner that "expressly and impliedly warranted to Plaintiff and class members that it contained ingredients expected of shortbread, like some amount of butter, instead of not having any butter." *See* Dkt. 1, ¶ 105. The Complaint alleges that Defendant had a duty—based on its "outsized role in the market" for this type of product and reputation as a "trusted company known for its high[-]quality products"—to "disclose and/or provide non-deceptive descriptions and marketing" of the product. *Id.* ¶¶ 111-112. These claims fail.

#### i. Express Warranty

A claim for breach of express warranty under New York law requires a plaintiff to allege an "affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon." *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 589 (S.D.N.Y. 2021) (citing *Factory Assocs. & Exps., Inc. v. Lehigh Safety Shoes Co.*, 382 F. App'x 110, 112 (2d Cir. 2010) (internal quotations omitted). To survive a motion to dismiss, a plaintiff must allege: "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the

buyer caused by the breach." *Id.* (internal citation omitted).  Generalized

statements by the defendant do not support an express warranty claim "if they are

such that a reasonable consumer would not interpret the statement as a factual

claim upon which he or she could rely." *Ault v. J.M. Smucker Co.*, 13-CV-3409, 2014

WL 1998235, at *6 (S.D.N.Y. May 15, 2014) (internal citations omitted).  In

addition, to "successfully state a claim for breach of warranty, a buyer must provide

the seller with timely notice of an alleged breach of warranty." *Colella v. Atkins*

*Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (internal citations

omitted).

Here, Lorna Doone packaging does not state that the product is made with

butter, and a reasonable consumer would not interpret the statement of

"shortbread" to make this claim.  Further, the Complaint does not sufficiently allege

notice.  Plaintiff alleges that she "provided or will provide notice to defendant, its

agents, its representatives, retailers and their employees." Dkt. 1, ¶ 114.  However,

this vague allegation does not indicate that Plaintiff did, in fact, provide notice.  *See*

*Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 391 (S.D.N.Y. 2021)

(rejecting verbatim pleading of notice as "wholly equivocal," because it did "not

allege that notice has been provided, only that Plaintiff 'provided or will provide'

notice").  As the Court reasoned in *Campbell*: "[i]f Plaintiff had provided notice, she

could have written that, rather than pleading, in essence, both that she did provide

notice, and that she did not do so but will in the future." *See id.* at 391.  Nor can

Plaintiff rely on her allegation that she satisfied the notice requirement by filing

this lawsuit.  *See* Dkt. 1, ¶ 115.  This does not establish that she provided "notice *before* filing this lawsuit"—as New York law requires.  *Brown v. Kerry, Inc.*, No. 20-9370, 2021 WL 5446007, at *8 (S.D.N.Y. Nov. 22, 2021) (emphasis added).

Plaintiff contends that pre-suit notice was not required here based on an exception for retail customers crafted by certain New York state courts.  *See* Dkt. 13, at 16.  The Court disagrees.  Although "a minority of New York State cases suggest an exception to the notice requirement in retail sales . . . the exception appears to be exclusively applied when a party alleges physical, in addition to economic, injury."  *Colella*, 348 F. Supp. 3d at 143-44.  *See Richards v. Johnson & Johnson, Inc.*, No. 517-CV-00178, 2018 WL 6573332, at *4 (N.D.N.Y. Dec. 13, 2018) (noting that the exception applies only to actions where personal injury is pleaded and that a similar "distinct treatment of warranty claims in personal injury cases is found in other jurisdictions"); *Tomasino v. Estee Lauder Cos., Inc.* No. 13-CV-4692, 2015 WL 4715017, at *4 (E.D.N.Y. Aug. 7, 2015) (rejecting the plaintiff's contention that the retail sale exception applies, because "every case . . . in which courts implementing New York law declined to apply the notice requirement . . . amounted to a tort claim in which the plaintiff suffered some personal injury").  Because Plaintiff only alleges economic injury in the form of a price premium paid for Lorna Doone cookies, *see, e.g.,* Dkt. 1, ¶ 120, this potential exception is inapplicable in this case.

For these reasons too, Plaintiff's claim for breach of express warranty fails.

ii. <u>Implied Warranty of Merchantability</u>

A "breach of the implied warranty of merchantability occurs when the

product at issue is 'unfit for the ordinary purposes for which such goods are used.'"

*Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 167 (S.D.N.Y. 2021)

(citing N.Y.U.C.C. § 2-314(c)).

Here, Plaintiff fails to allege that Lorna Doone cookies are not of

merchantable quality, *i.e.*, that they are unfit to eat.  Her claim for breach of

implied warranty of merchantability therefore fails.  *See id.* (dismissing implied

warranty claim because the plaintiff did not allege that the product at issue—

Soymilk—was "unfit to drink"); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154,

2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015) (dismissing implied warranty

claim because "[w]here the sale of a food or beverage is concerned, courts have ruled

that the product need only be fit for human consumption to be of merchantable

quality").[4]

**B. Negligent Misrepresentation**

Plaintiff's negligent misrepresentation claim also must be dismissed.  To

state a claim for negligent misrepresentation, a plaintiff must allege "'(1) the

existence of a special or privity-like relationship imposing a duty on the defendant

---

[4] To the extent Plaintiff asserts a claim under the Magnuson Moss Warranty Act, 15
U.S.C. §§ 2301, *et seq* ("MMWA"), *see* Dkt. 1, at 14, that claim is dismissed because
Plaintiff has not adequately pleaded a cause of action for breach of warranty. *See*
*Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) ("To state a
claim under the MMWA, plaintiffs must adequately plead a cause of action for
breach of written or implied warranty under state law").

to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.'" *McBeth v. Porges*, 171 F. Supp. 3d 216, 225 (S.D.N.Y. 2016) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir.2014)). To "plead a special relationship, plaintiffs must show that they were a 'known party or parties.'" *Barreto,* 518 F. Supp. 3d at 8-7 (quoting *Sykes v. RFD Third Ave. 1 Assoc., LLC*, 15 N.Y.3d 370, 373 (2010)).

Here, Plaintiff's negligent misrepresentation claim fails because she fails to allege a special relationship between the parties. She does not plead any facts suggesting that her purchase of Lorna Doone cookies was anything but an arms-length retail transaction. Absent any additional alleged facts to establish a special relationship, Plaintiff's negligent misrepresentation claim must be dismissed. *See Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015) ("The requisite special relationship may not, however, be based solely on Defendants' status as the manufacturer of the [product] because, if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case") (collecting cases).

### C. Fraud

Plaintiff's claim of fraud under New York law similarly fails. To state a claim of fraud, a plaintiff must allege "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the

plaintiff." *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104, 2021 WL 168541, at *7 (S.D.N.Y. Jan. 19, 2021) (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)).

Here, Plaintiff fails to allege a material misrepresentation of fact or omission since, as discussed above, a reasonable consumer would not conclude that the word "shortbread" on the product's label communicates that the product necessarily contains butter. In addition, Plaintiff fails to allege the requisite fraudulent intent. Plaintiff alleges that "the records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provide it with actual and/or constructive knowledge of the falsity and deception . . . ." Dkt. 1, ¶ 129. She further alleges that "Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations." *Id.* ¶ 131. However, the "simple knowledge that a statement is false is not sufficient to establish fraudulent intent. . . ." *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018). Nor can Plaintiff rely on her allegation that Defendant's representations about Lorna Doone cookies allowed it to sell "more of the Product and at higher prices than it would have in the absence of this misconduct," *id.* ¶ 52, because "generalized motive to satisfy consumers' desires [or] increase sales and profits" is also "not sufficient to establish fraudulent intent." *Davis*, 297 F. Supp. 3d at 337 (internal citations omitted).

In short, the Complaint is devoid of factual allegations suggesting that Defendant acted with fraudulent intent by using the term "shortbread" on the

- 14 -

labeling of Lorna Doone shortbread cookies.  Plaintiff's fraud claim must be

dismissed for these reasons as well.

### D. Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must allege that "(1) the

defendant was enriched, (2) at the expense of the plaintiff, and (3) it would be

inequitable to permit the defendant to retain that which is claimed by the plaintiff."

*Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (internal

citation omitted).  An unjust enrichment claim "cannot survive 'where it simply

duplicates, or replaces, a conventional contract or tort claim.'"  *Id.* (quoting *Corsello

v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)).

Here, the allegations in the Complaint demonstrate that Plaintiff's unjust

enrichment claim duplicates her other claims.  The entirety of Plaintiff's unjust

enrichment claim reads: "Defendant obtained benefits and monies because the

Product was not as represented and expected, to the detriment and impoverishment

of Plaintiff and class members, who seek restitution and disgorgement of

inequitably obtained profits."  Dkt. 1, ¶ 132.  The "claim is a mere repackaging of

[Plaintiff's] other claims based on the alleged misrepresentations on the Product's

packaging."  *Campbell*, 516 F. Supp. 3d at 394.  The claim must be dismissed.  *See

Pierce v. L'Oreal USA, Inc.*, No. 17-CV-614, 2017 WL 4480887, at *5 (S.D.N.Y. Oct.

5, 2017) (dismissing unjust enrichment claim because "[a]ll of the claims in the

Complaint are based on the same alleged misrepresentation by Defendants"); *Sitt v.

Nature's Bounty, Inc.*, No. 15-CV-4199, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26,

2016) ("Because Plaintiff's unjust enrichment claims under New York law are based on the same allegations as her claims of violations of N.Y. Gen. Bus. L. sections 349 and 350 and breach of express warranty under New York law, and because Plaintiff has not shown how her unjust enrichment claim differs from her other New York claims, Plaintiff's unjust enrichment claim under New York law is duplicative of her other New York claims").

Plaintiff argues that her unjust enrichment claim should survive based on alternative pleading as permitted by Fed. R. Civ. P. 8(d)(2). It is "certainly true, as Plaintiff argues, that [s]he may plead unjust enrichment in the alternative to his other claims." *Nelson*, 246 F. Supp. 3d at 679. But it is "equally true" that where, as here, even when "pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Id.* Because Plaintiff's unjust enrichment claim merely duplicates her other claims, the claim is dismissed.

## III.   STANDING TO SEEK INJUNCTIVE RELIEF

Defendant moved, in the alternative, for dismissal of the claim for injunctive relief, arguing that Plaintiff lacks standing to seek such relief. To satisfy the requirement of standing under Article III of the Constitution, a plaintiff must establish: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable decision. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir.

2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). To demonstrate an injury in fact when seeking injunctive relief, "a plaintiff cannot rely on a past injury alone." *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)). Rather, she must establish "a 'real or immediate threat' of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (internal citation omitted). The Supreme Court "has repeatedly reiterated that threatened injury must be certainly impending to constitute injury in fact, and that allegations of possible future injury are not sufficient." *Daniel v. Tootsie Roll Indus., LLC*, No. 17-CV-7541, 2018 WL 3650015, at *16 (S.D.N.Y. Aug. 1, 2018) (quoting *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015)). The Second Circuit has determined that, absent an intent to "purchase the offending product in the future," a plaintiff in a deceptive business practice action lacks standing to seek injunctive relief. *Kommer v. Bayer Consumer Health*, 710 F. App'x 43, 44 (2d Cir. 2018) (alterations omitted).

Here, as in *Kommer*, Plaintiff has not shown that she is likely to suffer further supposed injury because she fails to allege that she intends to purchase Lorna Doone cookies in the future. In fact, the "allegations show [plaintiff's] resistance to engaging in such a commercial transaction again." *Yee Ting Lau v. Pret A Manger (USA) Ltd.*, No. 17-CV-5775, 2018 WL 4682014, at *2 (S.D.N.Y. Sept. 28, 2018). Specifically, Plaintiff alleges that she "would not have purchased the Product if she knew the representations and omissions were false and misleading or

would have paid less for it." Dkt. 1, ¶ 82. She further emphasizes that she would purchase the product again only "when she can do so with the assurance that the Product's representations are consistent with its abilities, attributes, and/or composition." *Id.* ¶ 85.

In short, Plaintiff concedes that she would not have purchased Lorna Doone cookies had she known of the cookies' true composition. And now that she is aware that the cookies do not contain butter, she states that she does not intend to purchase them again—unless Defendant changes either the product or the labeling. Because Plaintiff admits that she is unlikely to purchase the product unless the product is changed, she lacks standing to seek injunctive relief. *See In re Amla Litig.*, 320 F. Supp. 3d 578, 593 (S.D.N.Y. 2018) (plaintiffs lacked standing to seek injunctive relief under N.Y. Gen. Bus. L. § 349 where they "adduce[d] no evidence that they are likely to repurchase the product, and indeed allege[d] that they would not have purchased the product in the first place had they known of its alleged defects").[5]

---

[5] Because Plaintiff does not individually have standing to seek injunctive relief, she also lacks standing to seek injunctive relief on behalf of any class. *See Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016) ("the named plaintiffs must have standing in order to seek injunctive relief on behalf of the class") (citing *Dodge v. Cnty. of Orange*, 103 Fed. Appx. 688, 690 (2d Cir. 2004); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005)).

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is

GRANTED.[6]  The Clerk of Court is directed to close this case.


SO ORDERED.

Dated:        January 5, 2023
              Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[6] In her opposition brief, Plaintiff requested, in the alternative, that the Court grant leave to file an Amended Complaint. Dkt. 13, at 20.  That request is denied because amendment here would be futile.  *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend") (internal citation omitted).